# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Evanston Insurance Company, | ) | Civil Action No. 5:12-02750-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| R & L Development Corporation, LLC, | ) | **ORDER AND OPINION** |
| Claflin University, and General Board of | ) | |
| Higher Education and Ministry, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Evanston Insurance Company ("Evanston") filed this declaratory judgment action against Defendants R & L Development Corporation, LLC ("R&L"), Claflin University ("Claflin"), and General Board of Higher Education and Ministry ("GBHEM") seeking a declaration by the court that Evanston does not have an obligation to provide coverage to R&L under commercial general liability insurance ("CGLI") policy number CL100201331 (the "Evanston Policy"), which policy was issued by Evanston to R&L. (ECF No. 1 (referencing ECF No. 1-2).) In an order filed on April 9, 2014 (the "April Order"), the court granted Evanston's Motion for Summary Judgment and declared that (1) Evanston did not have to provide coverage to R&L under the Evanston Policy, and (2) Evanston did not have to indemnify Claflin and GBHEM (together the "University Defendants") for property damage to the James S. Thomas Science Building as contended for in an underlying lawsuit. (ECF No. 48 at 16.)

This matter is before the court by way of University Defendants' Motion to Alter or Amend Judgment (i.e., the April Order) pursuant to Fed. R. Civ. P. 59(e) (the "Rule 59(e) motion"). (ECF No. 50.) Evanston opposes University Defendants' Rule 59(e) motion asserting that it is wholly and utterly without legal merit. (ECF No. 51.) For the reasons stated below, the

court **DENIES** University Defendants' Rule 59(e) motion.

## I.     RELEVANT BACKGROUND TO PENDING MOTION[1]

On September 21, 2012, Evanston filed a declaratory judgment action in this court seeking a declaration that "it is under no obligation or duty to defend and/or indemnify . . . R&L . . . under the Evanston Policy in any manner . . . , and for an Order that the . . . [University Defendants] are not entitled to any award, judgment, indemnity or relief from Evanston, . . . ." (ECF No. 1 at 15–16.)  The paramount issue in the matter involved interpreting paragraph I.3 of the Contractor Limitation Endorsement to the Evanston Policy, which provided as follows:

### CONTRACTOR LIMITATION ENDORSEMENT

I.     The coverage under this policy does not apply to "bodily injury," "property damage," or "personal and advertising injury;"

\* \* \*

    3.     Caused by, arising out of, resulting from, or in any way related to the invasion or existence of water or moisture including but not limited to mold, mildew, rot, or related deterioration of any property.

(ECF No. 1-2 at 19.)

University Defendants and R&L separately answered the Complaint on December 6, 2012.  (ECF Nos. 8, 11.)  On September 19, 2013, Evanston and University Defendants filed cross motions for summary judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56 motion").  (ECF Nos. 28, 29.)  University Defendants filed opposition to Evanston's Rule 56 motion on September 27, 2013, to which Evanston filed opposition to University Defendants' Rule 56 motion on October 7, 2013.  (ECF Nos. 32, 35.)  University Defendants filed a reply in support of their Rule 56 motion on October 18, 2013.  (ECF No. 37.)  On January 14, 2014, the court held a hearing on the pending motions.  (ECF No. 46.)  Thereafter, the court issued the April

---

[1] The April Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference.  (ECF No. 48 at 2–4.)

Order granting Evanston's Rule 56 motion and denying University Defendants' Rule 56 motion. (ECF No. 48.) In the April Order, the court provided the following reasons for finding that Evanston did not have a duty to indemnify University Defendants for the damages suffered:

> Upon its review, the court considered the parties' arguments and finds that the plain meaning of the Contractor Limitation Endorsement unambiguously excludes from coverage the property damage at issue in the Underlying Lawsuit. More specifically, the court finds that the plain language of the Contractor Limitation Endorsement excludes all property damage caused by water and only identifies mold, mildew, and rot as examples of the types of property damage that are excluded. In this regard, the court finds that the Evanston Policy is not susceptible to more than one reasonable interpretation. Moreover, this finding is persuasively supported by the reasoning of the Western District of Texas, which court reviewed this specific Contractor Limitation Endorsement and reached a similar conclusion. See Charlton v. Evanston Ins. Co., 502 F. Supp. 2d 553, 561 n.4 (W.D. Tex. 2007) (Further, as to Casey's claims regarding water damage, the Court agrees with Evanston that there is no coverage because the Contractor Limitation Endorsement precludes coverage for "property damage" . . . "caused by the existence of water or moisture."). Based on the foregoing, the court concludes that the Evanston Policy does not cover property damage caused by water at the James S. Thomas Science Building, and declares that Evanston owes no duty to indemnify the Underlying Defendants.

(ECF No. 48 at 15–16.) The court entered Judgment for Evanston on April 9, 2014. (ECF No. 49.)

On April 22, 2014, University Defendants filed the pending Rule 59(e) motion asserting that the South Carolina Supreme Court's decision in Bell v. Progressive Direct Ins. Co., 757 S.E.2d 399 (S.C. 2014), establishes that the court committed "a clear error of law which resulted in manifest injustice" to them. (ECF No. 50.) On May 12, 2014, Evanston filed a memorandum in opposition to the Rule 59(e) motion of University Defendants, to which they filed a reply in support of their motion on May 22, 2014. (ECF Nos. 51, 52.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     Rule 59(e) Motions and the Parties' Arguments

The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound

discretion of the district court.  Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e).  Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012).

In their Rule 59(e) motion, University Defendants assert that the court should alter or amend the April Order based on an intervening change in controlling law and to correct the court's commission of a manifest injustice and/or clear error of law "because [at the time the April Order was entered,] the reasonable expectations theory[2] existed in South Carolina and has existed as part of the state's common law."  (ECF No. 50-1 at 2.)  Specifically, University Defendants assert that on April 9, 2014, the South Carolina Supreme Court issued the Bell opinion in which the Court recognized that "the reasonable expectations theory of coverage was part of South Carolina common law . . . [and] could be used in an appropriate case to interpret coverage."  (Id. at 1.)  University Defendants further assert that their reasonable expectations have been thwarted in this case because (1) a covered occurrence involving negligence caused their damages, (2) the terms of the CGLI policy were ambiguous and/or confusing, (3) CGLI policies are reasonably expected to cover negligence, and (4) the exclusion for "invasion or

---

[2] The doctrine of reasonable expectations recognizes "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts . . . even though painstaking study of the policy provisions would have negated those expectations."  Allstate Ins. Co. v. Mangum, 383 S.E.2d 464, 467 (S.C. Ct. App. 1989).  In the April Order, the court observed in a footnote that the reasonable expectations doctrine has "never been accepted by the supreme court of this state."  (ECF No. 48 at 13 n.4.)

4

existence" of water is inapplicable because water was not the cause of the damage. (Id. at 3–4.) Based on the foregoing, University Defendants request an alteration or amendment of the April Order "to reflect the Defendants' reasonable expectation of coverage for this type of water damage . . . ." (Id. at 4.)

Evanston opposes University Defendants' Rule 59(e) motion arguing that "the doctrine of reasonable expectations has no application in the instant matter" because "the Evanston Policy unambiguously excludes coverage for the claim in the Underlying Lawsuit." (ECF No. 51 at 5.) Moreover, Evanston argues that "even if the doctrine of reasonable expectations could have been applied in this matter, the [University] Defendants have offered no evidence of the expectations of Evanston's insured, R&L Development Corporation, LLC, upon entering the insurance contract." (Id.) Therefore, Evanston requests that the court deny University Defendants' Rule 59(e) motion. (Id.)

In reply, University Defendants contend that they have provided sufficient evidence of R&L's reasonable expectations. (ECF No. 52 at 1.) As a result, they argue that these reasonable expectations "require the Court to reach a different conclusion from that contained in the [April] Order." (Id. at 3.)

B.   The Court's Review

In their pending Rule 59(e) motion, University Defendants argue that the South Carolina Supreme Court's recognition of the doctrine of reasonable expectations in Bell operates as "an intervening change in the controlling law" which establishes "a clear error of law or a manifest injustice." (ECF No. 50-1 at 2.) University Defendants further argue that Bell requires the court to apply the doctrine of reasonable expectations to avoid an outcome that they deem to be unreasonable. The court disagrees.

5

In Bell, the South Carolina Supreme Court limited reasonable expectations to circumstances where the terms of the insurance contract "are ambiguous or conflicting, or if the policy contains a hidden trap or pitfall, or if the fine print takes away that which has been given by the large print." Bell, 757 S.E.2d at 407. The South Carolina Supreme Court further admonished that "the doctrine is not a rule granting substantive rights to an insured when there is no doubt as to the meaning of policy language." Id. Thus, Bell constrains courts to only apply the doctrine of reasonable expectations when policy limitations are unclear and ambiguous. Bell, 757 S.E.2d at 407 ("Thus, while we now hold that reasonable expectations may be used as another interpretive tool, the doctrine cannot be used to alter the plain terms of an insurance policy.").

In the April Order, the court found that the terms of Contractor Limitation Endorsement "unambiguously exclude[] from coverage the property damage at issue" and are "not susceptible to more than one reasonable interpretation." (ECF No. 48 at 15.) Upon consideration of these findings in the context of the admonitions of the South Carolina Supreme Court in Bell and the arguments of University Defendants in their Motion to Alter or Amend Judgment, the court is not persuaded that it erred in concluding that the terms of Contractor Limitation Endorsement are unambiguous. In this regard, because it is inapplicable when the terms of a policy are clear and explicit, the doctrine of reasonable expectations does not warrant reconsideration of the April Order. Therefore, the court finds that University Defendants have made an insufficient showing that there has been a change in the controlling law or that the court committed a clear error of law or manifest injustice in the April Order. Accordingly, the court must deny University Defendant's Rule 59(e) motion.

### III.    CONCLUSION

For the foregoing reasons, the court **DENIES** the Motion to Alter or Amend Judgment of Defendants Claflin University and General Board of Higher Education and Ministry.  (ECF No. 50.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 12, 2014
Columbia, South Carolina